# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**FRANK BRETT,**

    **Plaintiff,**

vs.                                            Case No. 1:24cv140-MW-MAF

**DONALD TRUMP,**
**and WILLIAM BARR,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, who resides in Philadelphia, Pennsylvania, has initiated a lawsuit in this Court against former President Donald Trump and former United States Attorney General William Barr. ECF No. 1. Plaintiff also filed a motion for in forma pauperis status, ECF No. 2, which was signed under penalty of perjury. *Id.* at 4. As Plaintiff demonstrated his entitlement to in forma pauperis status, the motion was granted in a separate Order entered this day.

Because Plaintiff has been granted in forma pauperis status, the complaint, ECF No. 1, has been reviewed pursuant to 28 U.S.C. § 1915.

Plaintiff's complaint shows the Defendants are located in Washington, D.C. ECF No. 1 at 3. That may have been true during the time period that Donald Trump was President, but that information is no longer accurate.

At any rate, the Court has an obligation to ensure that jurisdiction exists and venue is appropriate. Plaintiff's complaint does not make that clear. He has provided no facts to show that venue is appropriate in this Court. Assuming that Plaintiff sues the Defendants for actions taken during the time period they held office as President and Attorney General, those actions would necessarily have taken place in Washington, D.C.

A "civil action may be brought in— (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1331(b). Because Plaintiff has not provided a proper statement of facts, it is unknown what events Plaintiff seeks to challenge and whether or not it is possible that any events occurred within this judicial district. It is likely, however, that no events have occurred here and that venue is not appropriate in this Court.

Moreover, even if any events did occur in this Court, it is more probable than not that Plaintiff's claims are barred by the statute of limitations. Donald Trump has not been President, nor William Barr the Attorney General, since January 2020.

However, those issues are less significant than the primary deficiency with this case. That is, the complaint fails to allege any specific facts which show how Plaintiff was harmed, that any Defendant violated Plaintiff's rights, or took actions which otherwise violated the Constitution, federal law, or a treaty. The complaint does not comply with the requirements of Federal Rule of Civil Procedure 8(a) because it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). Neither the Defendants, or this Court, can discern what claim Plaintiff is attempting to raise, or a factual basis to support the claim. Plaintiff's complaint alleged that Donald Trump "obstructed justice" and "fired all 3 great honest men of the law like" the Plaintiff. ECF No. 1 at 4. Those two statements are insufficient to state a viable claim. Although Plaintiff attached numerous hand-written pages to the complaint, those are illegible, unintelligible, and delusional scribblings.

In addition, the Court takes judicial notice that Plaintiff has previously filed over 220 cases in federal courts across the United States, literally spanning from California to New York.  Plaintiff has previously filed numerous cases against Donald Trump and William Barr.  At least two of those cases have been dismissed as frivolous.  *See, e.g.,* case number 1:21cv73-AW-GRJ, filed in this Court on April 23, 2021, and dismissed on June 21, 2021.  The complaint was brought against Defendants Donald Trump, William Barr, and David Sampson.  Plaintiff also filed case number 3:21cv625-HEH in the Eastern District of Virginia on September 29, 2021.  It was dismissed as frivolous on November 2, 2021.

While other cases against the Defendants exist, the Court notes that Plaintiff filed case number 1:23cv983-CCC in the United States District Court for the Middle District of Pennsylvania on June 14, 2023.  It was dismissed on July 21, 2023, for reasons similar to the problems with this case; that is, for violating Rule 8, as unintelligible, for failing to state a claim, and for lack of proper venue.

In general, pro se litigants should be provided an opportunity to amend a complaint before the action is dismissed.  However, further opportunities to amend are not required if it appears that a more carefully

Case No. 1:24cv140-MW-MAF

drafted pleading would state a claim upon which relief could be granted. <u>Bowens v. Mail Officers of Turner Guilford Knight</u>, 608 F. App'x 893, 894 (11th Cir. 2015).  In this case, Plaintiff's complaint is so fundamentally flawed that further leave to amend would not be beneficial.  Plaintiff has had more than sufficient opportunity to present claims against Defendants Trump and Barr as he has previously filed multiple cases against these same individuals.  Therefore, for all the foregoing reasons, it is recommended that this case be dismissed as frivolous.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** as frivolous.

**IN CHAMBERS** at Tallahassee, Florida, on August 22, 2024.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.